# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff,**<br><br>v.<br><br>**DESMOND S. GAINES,**<br><br>    **Defendant.** | Case No. 15-20078-JAR |

## NUNC PRO TUNC MEMORANDUM AND ORDER

This matter is before the Court on Defendant Desmond Gaines' Motion for Release and Dismissal (Doc. 60). Defendant argues that the Indictment should be dismissed as a remedy for Speedy Trial Act violations under 18 U.S.C. §§ 3161, 3162, and 3164 because the most recent ends-of-justice trial continuance did not comply with the Act, and there is no pending pretrial motion that qualifies for excludable time under the Act. This motion is fully briefed, and the Court is prepared to rule. For the reasons explained more fully below, the Court denies Defendant's motion to dismiss.

**I.    Background**

Defendant was arrested and had an initial appearance under Fed. R. Crim. P. 5 on August 26, 2015. The Indictment in this case was filed on September 2, 2015. Between September 2, 2015 and August 9, 2016, forty-nine non-excludable days ticked off the speedy trial clock. There is no dispute about this period of time.

On August 9, 2016, Defendant filed a Motion for Fed. R. Crim. P. 16(E) Discovery, Confidential Legal Visitation, and Return of Property Pursuant to Fed. R. Crim. P. 41(g).[1] This

---
[1] Doc. 29.

motion was filed on the heels of revelations uncovered in an unrelated case before the undersigned, *United States v. Black*.[2] During the course of discovery in *Black*, allegations arose that the Government had obtained video recordings of attorney-client communications inside visitation rooms at the Correction Corporation of America Leavenworth Detention Center ("CCA"),[3] as well as audio recordings of calls from inmates at CCA to their attorneys, and that these recordings were disseminated in discovery. The Court held three hearings and the parties submitted several rounds of briefing concerning the privilege issues related to these recordings. The Federal Public Defender's Office ("FPD") entered its appearance on behalf of clients who were allegedly included in the recordings. During the hearings, the parties jointly moved for the appointment of a special master to review the recordings and to determine whether they contained privileged material. At the conclusion of the first hearing, the Court took into custody six boxes of digital video recorder ("DVR") hard drives that the Government stated could potentially contain attorney-client recordings.

On August 5, 2016, the FPD moved for return of information pursuant to Fed. R. Crim. P. 41(g) in the *Black* case. The FPD requested "that all recorded confidential legal communication be returned to counsel, and through counsel, to the defendant."[4] Within its motion, the FPD requested access to "confidential contact conferences" because it was concerned CCA was continuing to record communications within the facility's attorney-client visitation rooms.[5] In response to the FPD's motion, the Court issued a Memorandum and Order on August 10, 2016 directing all detention facilities in Missouri and Kansas, including CCA, to immediately cease

---

[2] Case No. 16-cr-20032-JAR.
[3] "CCA" is now known as "CoreCivic."
[4] Case No. 16-cr-20032-JAR, Doc. 85 at 11.
[5] Case No. 16-cr-20032-JAR, Doc. 82 at 2–3.

and desist all: (1) audio-visual recording of attorney-client communications in the detention facility; (2) audio recording of attorney-client phone calls; and (3) audio-visual recording of attorney-client videoconference calls.[6] The Memorandum and Order also directed these detention facilities to submit written confirmation to the United States Marshal for the District of Kansas that the facilities were not audio or video recording any type of attorney-client communications.[7]

Defendant's August 9, 2016 motion in this case requests similar remedies as the motion filed in *Black*: (1) to require production of any objects or documents within the Government's possession or control as described in Rule 16(E), including any videos of confidential meetings between Defendant and his counsel, or phone calls between Defendant and his counsel; (2) a return of property under Rule 41(g) for violation of an unlawful search or seizure; and (3) to require CCA to stop recording legal communications between Defendants and their attorneys. Defendant requested a hearing on the motion.[8] The motion continues to remain pending; no hearing has been conducted, nor has the Court discussed or considered the motion on the record.

On October 31, 2016, Defendant notified the Court of his intention to plead guilty. The change of plea hearing was set for November 11, 2016 before Magistrate Judge James, but was cancelled upon Defendant's request that his counsel withdraw.[9] First Assistant Federal Public Defender Kirk Redmond had appeared on behalf of Defendant's original counsel, Assistant Federal Public Defender Laquisha Ross. Defendant indicated to the undersigned, at a follow-up hearing on his motion to withdraw, that he preferred to be represented by Ms. Ross and wished

---

[6] Case No. 16-cr-20032-JAR, Doc. 102 (Aug. 10, 2016).

[7] *Id.*

[8] Similar motions were filed in cases throughout this District. This Court currently has such motions pending in thirteen of its cases. Most of these motions were found to be moot at the time of sentencing. *See, e.g.*, *United States v. Catherine Rowlette*, Case No. 16-cr-20032-05-JAR, Doc. 211 (Mar. 15, 2017).

[9] Doc. 32.

3

to wait for her to return from maternity leave and proceed to trial. Mr. Redmond indicated that Ms. Ross had not had time to prepare for trial due to her leave, and sought a continuance based on the ends-of-justice excludable provision.[10] This Court advised Defendant of his speedy trial rights, and the Court set a status conference for December 5, 2016, to set either a new trial date or a change of plea hearing after Ms. Ross returned from maternity leave. The Court found that the time between November 7 and December 5, 2016 was excludable time under the ends-of-justice exception. On the same date, a Scheduling Order was entered setting a pretrial motions deadline of January 23, 2017, and a trial date of February 28, 2017.[11] That Order found, for the same reasons discussed on the record at the status conference, that the period of time between December 5, 2016, and February 28, 2017 should be excluded under the ends-of-justice provision in 18 U.S.C. § 3161(h)(7).

On January 25, 2017, Defendant sought to file pretrial motions two days out of time, and indicated he did not object to an extension of the Government's response deadline, or the motions hearing date. The Court granted this motion in an order drafted by Defendant. The Order provides in relevant part:

> Defendant, Desmond Gaines, has filed a motion for additional time to file pre-trial motions. (Doc. 43). For the reasons stated in the defendant's motion, the court finds that the ends of justice served by granting the extension outweigh the best interest of the public and the defendant in a speedy trial.
>
> Defendant's motion is hereby granted. Defendant shall have until January 25, 2017, in which to file pretrial motions. The government shall have until February 13, 2017, in which to respond. Motions are set for hearing before the Court on February 28, 2017, at 9:00 a.m. The new date for jury trial will be determined by the Court at a later date.

---

[10] 18 U.S.C. § 3161(h)(7).

[11] Doc. 41.

4

> The court also finds that any period of delay resulting from such extension shall be excluded in computing the time within which the trial of this action must commence. 18 U.S.C. Section 3161(h)(1)(F). Specifically, time from the filing of the motion for an extension, shall be excluded. If other motions are filed, there will be further exclusion of Speedy Trial Act time.[12]

Defendant filed his pretrial motion to suppress on January 25, 2017.[13] On February 16, 2017, the Government sought an unopposed continuance of the motions hearing date until March 8, 2017,[14] which was granted.[15] The Court took the motion to suppress under advisement at the conclusion of the March 8 hearing, and on April 7, 2017, the Court denied the motion to suppress.[16] At the conclusion of the motion to suppress hearing, the parties briefly discussed the fact that the case still needed to be set for a firm trial date.[17] The Court told the parties that it would be in touch to schedule a trial date because its calendar was congested in the coming months.

On April 19, 2017, the Court set this matter for trial on August 28, 2017, after informally consulting with the parties.[18] The trial date was set in a notice of hearing without speedy trial findings. 133 days have passed since the Court ruled on Defendant's motion to suppress.

## II. Discussion

The Sixth Amendment to the Constitution protects a defendant's right to a speedy trial.[19] The Speedy Trial Act codifies this right by requiring a federal criminal trial to begin within

---

[12] Doc. 44.
[13] Doc. 46.
[14] Doc. 49.
[15] Doc. 51.
[16] Doc. 53.
[17] Doc. 57 at 73:19–74:11.
[18] Doc. 54.
[19] U.S. Const. amend. VI.

5

seventy days of the filing of the indictment or the date of the defendant's initial appearance, whichever occurs later.[20] The purpose of the statute is to "protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing prompt criminal proceedings."[21]

There are a number of "enumerated events" in the Speedy Trial Act that are excluded from the prescribed seventy-day period, which toll the speedy-trial clock.[22] Two of these enumerated events are relevant here. First, under 18 U.S.C. § 3161(h)(1)(D), time is automatically excluded for the period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."[23] Second, 18 U.S.C. § 3161(h)(7)(A) provides that time is excludable when the district court grants a continuance upon a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Ends-of-justice continuances afford the district court a modicum of flexibility in managing particularly complex or difficult cases.[24] The Tenth Circuit has cautioned, however, that "an ends-of-justice continuance is 'meant to be a rarely used tool for those cases demanding more flexible treatment.'"[25] The statute provides for several factors that the Court must consider when granting excludable time under this provision.[26]

---

[20] 18 U.S.C. § 3161(c)(1); *United States v. Margheim*, 770 F.3d 1312, 1318 (10th Cir. 2014).

[21] *United States v. Solon*, 596 F.3d 1206, 1214 (10th Cir. 2010).

[22] *Bloate v. United States*, 559 U.S. 196, 203 (2010).

[23] 18 U.S.C. § 3161(h)(1)(D); *see United States v. Tinklenberg*, 563 U.S. 647, 656 (2011) (holding that this exclusion applies automatically).

[24] *Zedner v. United States*, 547 U.S. 489, 498 (2006).

[25] *United States v. Banks*, 761 F.3d 1163, 1174 (10th Cir. 2014) (citing *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009)).

[26] 18 U.S.C. § 3161(h)(7)(B).

Defendant argues that more than seventy non-excludable days have expired since the date of Indictment in this case for three reasons: (1) Defendant's pending August 9, 2016 motion under Fed. R. Crim. P. 16(E) and 41(g) was effectively resolved sometime in the fall of 2016, and thus should not continue to create excludable time; (2) the Court's January 25, 2017 Order extending the pretrial motions deadline did not make the requisite ends-of-justice findings to justify an open-ended trial date extension; and (3) the Court failed to make ends-of-justice findings after denying the motion to suppress sufficient to justify setting the case for trial on August 28, 2017. Because the Court finds that Defendant's August 9, 2016 pretrial motion created excludable time that continues to run, as described more fully below, it need not address whether the two trial date extensions complied with the Speedy Trial Act.

Two Supreme Court decisions dictate the Court's decision as to whether Defendant's pretrial motion for confidential visitation and return of property created excludable time under § 3161(h)(1)(D). First, in *Henderson v. United States*,[27] the Supreme Court considered whether the period of delay set forth in § 3161(h)(1)(D) must be "'reasonably necessary' for disposition of the pretrial motion."[28] It examined the language of the provision, as well as the legislative history, and explained that the provision is written in the disjunctive to apply to two different situations:

> The first arises when a pretrial motion requires a hearing: subsection [D] on its face excludes the entire period between the filing of the motion and the conclusion of the hearing. The second situation concerns motions that require no hearing and that result in a "prompt disposition." There, the promptness requirement was "intended to provide a point at which time will cease to be excluded, where motions are decided on the papers filed without hearing." S.Rep. No. 96-212, at 34. The "point at which time will cease to be excluded" is identified by subsection [H], which

---

[27] 476 U.S. 321 (1986).

[28] *Id.* at 328.

permits an exclusion of 30 days from the time a motion is actually "under advisement" by the court. Without the promptness requirement in subsection [D], a court could exclude time beyond subsection [H']s 30-day "under advisement" provision simply by designating the additional period as time "from the filing of the motion" through its "disposition" under subsection [D].[29]

The Court quoted from the Senate Judiciary Committee Report on this provision in support of its holding that "for pretrial motions that require a hearing, the phrase 'or other prompt disposition' in subsection [D] does not imply that only 'reasonably necessary' delays may be excluded between the time of filing of a motion and the conclusion of the hearing thereon."[30]

More recently in *United States v. Tinklenberg*,[31] the Court considered whether the Sixth Circuit Court of Appeals correctly applied a causation test to § 3161(h)(1)(D), requiring that a pretrial motion actually cause a delay, or the expectation of a delay of trial to trigger excludable time. The Supreme Court reversed, finding that when the statute is "read in context and in light of the statute's structure and purpose, we think it clear that Congress intended subparagraph (D) to apply automatically."[32] The Court noted that other than the Sixth Circuit, every other Court of Appeals to consider the question has rejected a causation requirement.[33] The Court also emphasized the administrative burden that the Sixth's Circuit's approach would cause.[34] The Court held that the Act contains no requirement that the pretrial motions "exclusion requires a

---

[29]*Id.* at 329.

[30]*Id.* at 329–30.

[31]563 U.S. 647 (2011).

[32]*Id.* at 655.

[33]*See, e.g.*, *United States v. Vogl*, 374 F.3d 976, 985–86 (10th Cir. 2004) ("we now join these other circuits in holding that no 'actual delay' is required for a district court to exclude time under § 3161(h)(1)[D]").

[34]*Tinklenberg*, 563 U.S. at 658.

court to find that the event the exclusion specifically describes, here the filing of the pretrial motion, actually caused or was expected to cause delay of a trial."[35]

Turning to the pretrial motion at issue in this case, Defendant argues that this motion has in fact been "resolved," pointing to various orders in the *Black* case. The Court disagrees. It is true that by August 11, 2016, the motion for confidential legal visitation pursuant to Fed. R. Crim. P. 16(E) and return of property pursuant to Fed. R. Crim. P. 41(g) were moot with respect to the issue of ensuring the confidentiality of attorney-client communications in visitation rooms at these facilities. By August 16, 2016, the Court had received written confirmation that these facilities no longer allowed recordings in the visitation rooms.[36]

But Defendant's request in the August 9, 2016 motion for return of property has not been resolved in this case, or in *Black*. On October 11, 2016, the Court issued an Order in *Black* appointing David R. Cohen as special master. The Court first directed Mr. Cohen to conduct an assessment of the feasibility of identifying and excising privileged and confidential communications contained within the audio and video recordings. Second, the Court explained that after reviewing the feasibility report it would determine whether Mr. Cohen should proceed with identifying and excising privileged communications and potentially performing other functions related to the issues in the case.

Mr. Cohen issued two reports regarding telephone-call audio recordings. In the second report, issued on December 21, 2016, Mr. Cohen explained that he would provide audio files of calls from inmates to non-attorney phone numbers to the parties in the *Black* case. Mr. Cohen also explained that audio recordings of inmate calls to known attorney telephone numbers would not be produced to the Government or Coordinating Discovery Counsel. Mr. Cohen produced a

---

[35]*Id.* at 660.

[36]Case No. 16-cr-20032-JAR, Doc. 112 (Aug. 16, 2016).

chart of attorneys to whom inmate calls were made, and explained that any attorney listed in the chart could contact him to obtain recordings of calls to his or her own telephone number.

On January 31, 2017, Mr. Cohen issued a report regarding video recordings. Mr. Cohen explained that he would return DVR drive numbers one through five to the parties because these drives did not contain any privileged or confidential attorney-client communications. However, Mr. Cohen explained that because DVR drive number six did contain confidential attorney-client communications, and because it would be challenging to extract non-attorney-client recordings from this drive, he would not provide to counsel any video recordings contained on DVR drive number six. Since Mr. Cohen's report on video recordings, the Court has expanded the scope of his investigation to focus on the Government's conduct relative to all recordings it obtained in connection with the CCA investigation. Mr. Cohen's investigation remains ongoing.

Certainly, the FPD has been aware of the status of the *Black* case, and the fact that this motion could not be fully resolved until the Special Master's investigation was complete. The Court will not imply a ruling on this motion based on activity in another case, particularly where that activity precludes the relief requested by the pending motion. And if the Court agreed that an implied ruling dictated whether the pretrial motion excludable applied, the automatic rule dismissed in *Tinklenberg* would be an unworkable administrative burden on the district courts. As explained in *Henderson* and *Tinklenberg*, the pretrial motions exclusion is automatic; this Court is not to consider whether the motion in fact delayed the trial date, nor whether the delay was "reasonably necessary." Defendant asked for a hearing in its motion for return of property, which this Court has not set yet because the Special Master's investigation is ongoing.[37] The

---

[37]*United States v. Ibrahim*, 814 F.3d 30, 33–34 (1st Cir. 2016). There is some limitation on the deference accorded to district courts for determining when a pretrial motion requires a hearing when it appears that the district court may be trying to "jerry-build a 'hearing' in order to thwart the concinnous operation of the Speedy Trial Act." *Id.* at 33 (quoting *United States v. Salimonu*, 182 F.3d 63, 67–68 n.1 (1st Cir. 1999)). This is not such a case. The

motion has not been taken under advisement because the Court is not yet in a position to dispose of the motion.[38]

Defendant has not inquired any further about a hearing since filing the motion, nor has he withdrawn his motion, nor has he asked that it be denied without prejudice. If Defendant wishes to be heard on this motion, he may file a notice of intent to proceed to hearing no later than Tuesday, August 22, 2017, and the Court will hear evidence on the motion at the in limine hearing scheduled for August 23, 2017. Otherwise, this period of excludable time will continue to run until the Special Master's investigation is complete, and a hearing is conducted, or until this case is otherwise resolved. Alternatively, Defendant may withdraw the motion if he believes the matter has been resolved to his satisfaction in the *Black* case, or may request that this Court deny the motion without prejudice subject to refiling. Because the period of time from the filing of the motion on August 9, 2016, until the motion is heard is excludable under the Act, the Court need not consider whether the periods of time excluded by the trial date extensions in January and April 2017 complied with 18 U.S.C. § 3161(h)(7).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Desmond Gaines' Motion for Release and Dismissal (Doc. 60) is **denied**.

**IT IS SO ORDERED.**

Dated: August 23, 2017

---

Court has held myriad hearings on the issue of recorded confidential recordings discovered in the *Black* case. That case involved such complex and difficult issues that it necessitated the appointment of a Special Master. Although this is a motion on which the Court would ordinarily conduct a hearing, it has not set one in this case because the motion is not yet in a position to be heard and decided. The parties may disagree with the Court's approach, and if so, they are welcome to file motions requesting the motion either be resolved or withdrawn. But the Court declines to sua sponte rule on this motion based on activity in an unrelated case without any guidance from the parties about the significance of the Special Master's reports as they relate to this pending motion.

[38]*Henderson*, 476 U.S. at 331 ("The provisions of the Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion.").

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE