IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,
 *Plaintiff*,

v.               Case No. 15-CR-20078-JAR

**DESMOND GAINES,**
 *Defendant*.

## ORDER REDUCING TERM OF IMPRISONMENT

This matter is before the Court on defendant Desmond Gaines's Motion for Compassionate Release (Doc. 185). The Government does not oppose the request, (Doc. 188), and the parties agree that sentence on Counts 1, 2, 3, and 5 should be reduced from 120 months to 46 months, reducing his total sentence from 180 months to 106 months.

The "combination" of a lengthy mandatory sentence that would no longer apply and "a defendant's unique circumstances" can "constitute extraordinary and compelling reasons" for a reduction under § 3582(c)(1)(A)(i). *United States v. McGee*, 992 F.3d 1036, 1048 (10th Cir. 2021); *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). Mr. Gaines presents a combination of reasons that warrant a reduction, including the elimination of the applicable mandatory-minimum sentences under 21 U.S.C. § 841, the

danger he faced during pretrial detention, and the crack-to-powder disparity in federal sentencing.

In 2017, Mr. Gaines was convicted by a jury of three counts of possessing a controlled substance with the intent to distribute it, one count of possessing a firearm in furtherance of a drug-trafficking offense, and one count of possessing a firearm after a felony conviction. (Doc. 117 at 1-2). In December 2017, he was sentenced to a mandatory-minimum sentence of 120 months on Count 1, concurrent with the same sentence on Counts 2, 3, and 5. (Doc. 124 at 3). He was sentenced to a mandatory-minimum 60-month term of imprisonment on Count 4, consecutive to his sentence on the other counts, for a total of 180 months in prison. *Id*.

Less than 18 months after Mr. Gaines was sentenced, Congress passed the First Step Act, which limited the kind of prior convictions that would trigger a mandatory-minimum sentence in drug cases. First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat 5194 (Dec. 21, 2018). Because Mr. Gaines had no prior final § 924(c) conviction, he would no longer face a mandatory-minimum sentence of 120 months on Count 1. Rather, after accounting for the crack-to-powder disparity, Mr. Gaines's sentencing range under the Guidelines would be 46-57 months. *See* Doc. 188 at 6-7. Together with the within-guidelines 60-month sentence Mr. Gaines received for Count 4, his total guidelines

sentence would now be 106 months, instead of the 180-month sentence he received—a vastly lower sentence.

After considering the pleadings of Mr. Gaines and the Government, the applicable factors in 18 U.S.C. §§ 3582(c)(1)(A)(i) and 3553(a), the Court shall modify Mr. Gaines's sentence on Counts 1, 2, 3, and 5 from 120 months to 46 months, reducing his overall sentence from 180 months to 106 months. That sentence is sufficient to serve the goals of incapacitation, deterrence, retribution, and rehabilitation.

**IT IS THEREFORE ORDERED** by the Court that the Defendant's motion for compassionate release (Doc. 185) is **GRANTED**. The Court reduces Defendant's sentence on Counts 1, 2, 3, and 5 from 120 months to 46 months.

All previously imposed terms and conditions in the judgment remain in effect.

**IT IS SO ORDERED**.

Dated this 23rd day of September, 2022, at Kansas City, Kansas.

s/ Julie A. Robinson
The Honorable Julie A. Robinson
United States District Court Judge