IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DESMOND GAINES,<br><br>Defendant. | Case No. 15-20078-JAR |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Desmond Gaines's pro se Letter to the Court, which the Court liberally construes as a motion for compassionate release (Doc. 218).[1] The Government has filed a response brief. Defendant did not reply. As explained more fully below, the Court dismisses Defendant's motion for failure to exhaust his administrative remedies.

**I.      Background**

On September 22, 2017, Defendant was convicted by a jury on three counts of possessing a controlled substance with the intent to distribute it, one count of possessing a firearm in furtherance of a drug-trafficking offense, and one count of possessing a firearm after a felony conviction.[2] In December 2017, the Court sentenced Defendant to a mandatory-minimum sentence of 120 months on Count 1 concurrent with the same sentence on Counts 2, 3, and 5.[3]

---

[1] Defendant appeared by counsel during the revocation proceedings, but files this motion pro se. Thus, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as his advocate. *Id.*

[2] Doc. 117.

[3] Doc. 124 at 3.

He was sentenced to a mandatory-minimum 60-month term of imprisonment on Count 4, consecutive to his sentence on the other counts, for a total of 180 months' imprisonment.

On September 23, 2022, the Court granted Defendant's motion for a sentence reduction for compassionate release.[4] The Court reduced Defendant's sentence on Counts 1, 2, 3, and 5 from 120 months to 46 months, consecutive to 60 months on Count 4, for a new controlling sentence of 104 months. The Court further amended his sentence on January 24, 2023, to reduce his supervised release term from eight to four years.[5]

Defendant was released in May 2023, but in May 2025, he was arrested for failure to comply with the terms of his supervised release. On June 12, 2025, the Court revoked Defendant's supervised release and sentenced him to 12 months and 1 day imprisonment.[6]

Defendant's scheduled release date is March 20, 2026. In this motion, Defendant asks the Court for compassionate release in order to care for his young daughter.

## II.     Legal Standard

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."[7] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[8] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf or the lapse of 30 days from

---

[4] Docs. 189–90.

[5] Docs. 195–96.

[6] Doc. 217.

[7] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[8] Pub. L. No. 115-391, 132 Stat. 5194.

the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[9] The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[10] If the court grants the motion, however, it must address all three steps.[11]

### III.    Discussion

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the Government may waive or forfeit.[12] But when "properly invoked," mandatory claim-processing rules "must be enforced."[13] Here, the Government argues that this Court must dismiss Defendant's motion without reaching the merits because he fails to show that he has satisfied the statute's exhaustion requirement. Defendant offered no evidence of exhaustion in along with his letter seeking relief, and he did not file a reply responding to the Government's invocation of the exhaustion rule. Because the exhaustion requirement is a mandatory condition that has been properly invoked by the Government, the Court must dismiss Defendant's

---

[9] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[10] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[11] *McGee*, 992 F.3d at 1043 (citation omitted).

[12] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[13] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 538 U.S. 17, 20 (2017); *see also United States v. Johnson*, 849 F. App'x 750, 752–53 (10th Cir. 2021) (explaining that the statute's exhaustion rule "is mandatory, rather than judicially waivable"); *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here.").

compassionate release motion without prejudice to refiling if and when he exhausts his administrative remedies.[14]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's pro se Letter (Doc. 218) to the Court, which the Court liberally construes as a motion for compassionate release, is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

Dated: September 16, 2025

>S/ Julie A. Robinson
>JULIE A. ROBINSON
>UNITED STATES DISTRICT JUDGE

---

[14] *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").